**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT DAVID JOHNSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No. EDCV 12-1580 JFW (SS)<br><br>**ORDER ACCEPTING FINDINGS,**<br><br>**CONCLUSIONS AND**<br><br>**RECOMMENDATIONS OF UNITED**<br><br>**STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court will address below certain arguments raised in Petitioner's Objections.

　　Petitioner argues that the Magistrate Judge erroneously concluded that Petitioner's trial counsel made a strategic

1  decision not to call a gang expert because there is no factual
2  support in the record regarding counsel's decision-making
3  process. (Obj. at 3-10). This argument is misplaced. First,
4  and most importantly, Petitioner's ineffective assistance claim
5  was denied because Petitioner could not show prejudice, not
6  because counsel's performance was deficient. See Smith v.
7  Robbins, 528 U.S. 259, 286 n.14 (2000) (court may dispose of
8  ineffective assistance of counsel claim on the ground of lack of
9  prejudice without addressing deficiency prong of Strickland
10 analysis). Second, Strickland's deficiency analysis even on
11 direct review is an objective, not subjective, test. However,
12 "[w]hen § 2254(d) applies, the question is not whether counsel's
13 actions were reasonable. The question is whether there is any
14 reasonable argument that counsel satisfied Strickland's
15 deferential standard." Harrington v. Richter, __ U.S. __, 131 S.
16 Ct. 770, 788 (2011). This argument fails.

17

18     Petitioner also contends that the Magistrate Judge
19 erroneously found that the gang enhancement may apply even if the
20 crime is not "gang-related" so long as the defendant acted with
21 the specific intent to assist in criminal conduct by known gang
22 members. (Obj. at 11-12). According to Petitioner, "without the
23 People having to prove that a crime is 'gang-related,' any crime
24 committed by gang members, or individuals in association with
25 gang members, comes within the purview of section 186.22." (Id.
26 at 11). Petitioner ignores that section 186.22(b)(1)'s elements
27 are set forth in the disjunctive. As one California decision,
28 cited in the Report and Recommendation, explained, "Commission of

a crime in concert with known gang members is substantial evidence which supports the inference that the defendant acted with the specific intent to promote, further or assist gang members in the commission of the crime." People v. Villalobos, 145 Cal. App. 4th 310, 322 (2006). This argument fails.

Accordingly, **IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 5, 2014

```
                                    _____
                                    JOHN F. WALTER
                                    UNITED STATES DISTRICT JUDGE
```